**NORWEST TRANSPORTATION, INC., Plaintiff–Appellee,**

v.

**HORN'S POULTRY, INC., Defendant–Appellant.**

No. 93–3035.

United States Court of Appeals, Seventh Circuit.

Decided Oct. 12, 1994.

Robert B. Walker, John T. Siegler, Sims, Walker & Steinfeld, Washington, DC, Marc Zellen, Miller & Zellen, Bloomington, MN (argued), Lawrence M. Liebman, Timothy F. Eddy, Eddy & Liebman, Chicago, IL, for plaintiff-appellee.

David C. Nelson, Dilsaver, Nelson, Winter & Black, Mattoon, IL (argued), for defendant-appellant.

Before CUMMINGS, FRIEDMAN * and CUDAHY, Circuit Judges.

## ON PETITION FOR REHEARING

FRIEDMAN, Circuit Judge.

In our decision of May 3, 1994, 23 F.3d 1151, we held that a motor carrier's failure to amend its tariffs to show its changed name, as the Interstate Commerce Commission (Commission) had directed it to do, did not bar the carrier from collecting from a shipper the differences between the amount mistakenly charged the shipper and the higher rate specified in the filed tariff. We ruled that the Commission's non-institution of any administrative proceedings against the carrier to correct the carrier's default left the tariffs in effect, and that under the "filed rate" doctrine the carrier could not deviate from the rates in those tariffs.

The shipper—the appellant Horn's Poultry, Inc. (Horn's)—has filed a petition for rehearing contending, among other things, that our decision "conflicts with the filed rate doctrine, as most recently interpreted" by the Supreme Court in *Security Services, Inc. v. Kmart Corporation,* — U.S. —, 114 S.Ct. 1702, 128 L.Ed.2d 433 (1994). We do not interpret *Kmart* as Horn's does, and do not believe that *Kmart* conflicts with or undermines our decision in this case.

The carrier in *Kmart* (Riss International Corp.) filed with the Interstate Commerce Commission a so-called mileage (or distance) tariff, specifying rates per mile of carriage. For the distance component of the tariff, the carrier relied upon a Mileage Guide published by a Household Goods Carriers' Bureau (Bureau). The Mileage Guide referred shippers to a separate Bureau tariff filed with the Commission, which listed the "participants" in the Mileage Guide. The Guide stated that a carrier cannot use it unless the carrier was shown as a "participant" in the Guide. Riss had been a participant, but prior to the transportation involved in the case, its participation had been cancelled for failure to file a proper power of attorney and pay the normal participation fee to the Bureau.

Riss transported goods for Kmart at negotiated rates that were below those provided in the filed tariffs. After Riss filed a bankruptcy petition, its successor (Security Services) attempted to collect from Kmart the difference between the negotiated rates and the rates specified in the tariff, for which it contended Kmart was liable under the filed-rate doctrine.

The Commission has a "void-for-nonparticipation" regulation, under which a tariff is

* Daniel M. Friedman, Circuit Judge for the Federal Circuit, sitting by designation.

"void" for a carrier that is not a participant therein. The Supreme Court upheld the court of appeals ruling that the filed-rate doctrine did not entitle Security Services to collect the alleged undercharges from Kmart because there was no valid tariff rate on file with the Commission since "in effect [the carrier] had no rates on file because its tariff lacked an essential element" —— U.S. at ——, (114 S.Ct. at 1708), namely, a mileage tariff in which the carrier was a participant. Under the Commission regulation, the mileage guide tariff of the Bureau was "void" with respect to Riss because of the latter's failure to continue its participation therein. The Court rejected various challenges to the Commission's void-for-nonparticipation regulation.

In the concluding paragraph of the opinion, the Court summarized its holding as follows:

When a carrier relies on a mileage guide filed by another carrier or agent, under ICC regulations the carrier must participate in the guide by maintaining a power of attorney; when a carrier fails to maintain its power of attorney and its participation is canceled by its former agent's filing of an appropriate tariff, the carrier's tariff is void. Trustees in bankruptcy and debtors in possession may rely on the filed rate doctrine to collect for undercharges, *Maislin Industries, U.S., Inc. v. Primary Steel, Inc.,* 497 U.S. 116, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990), but they may not collect for undercharges based on filed, but void, rates.

*Id.* at ——, 114 S.Ct. at 1710.

The filed-rate doctrine was inapplicable in *Kmart* because under the Commission's void-for-noncompliance regulation, the tariff rates the carrier had filed were void, so that there was no filed rate in effect. The Court began its opinion by stating the question in terms of "undercharges based on tariff rates that are void as a matter of law under the Interstate Commerce Commission's regulations." *Id.* at ——, 114 S.Ct. at 1704. The Court stated that it granted *certiorari* "to resolve a Circuit conflict over the validity of the ICC void-for-nonparticipation regulation." *Id.* at ——, 114 S.Ct. at 1706. The Commission's regulation and the carrier's failure to comply with it thus was the touchstone of the Court's decision.

In the present case, in contrast, there is no Commission regulation providing that a tariff is void when the carrier fails to comply with a Commission order telling the carrier to amend its tariffs to reflect its change in name, and the Commission takes no action to enforce its direction. Such non-action sharply contrasts with the four enforcement proceedings the Commission instituted to compel the carrier to comply with the Commission's directive to amend its insurance coverage, which the carrier did.

Horn's points to Commission regulations stating that "[w]hen a carrier's name is lawfully changed ... tariff adjustments must be made," that "(1) Adoption notices shall be filed to reflect new ownership or control when—(i) a carrier's name is lawfully changed," and that "(2) In addition to the adoption notice, an adoption supplement shall be filed to reflect the new carrier's adoption of the old carrier's tariff(s)." 49 C.F.R. § 1312.20(a)(2), (b)(1)(i), (b)(2). Unlike the regulation involved in *Kmart,* however, these regulations do not make the previously filed tariffs void for failure to amend them to reflect the changed name. As we noted in our prior opinion, "[t]here is no presumption or general rule that for every duty imposed upon the court or the Government and its prosecutors there must exist some corollary punitive sanction for departures or omissions, even if negligent" (*quoting, United States v. Montalvo–Murillo,* 495 U.S. 711, 717, 110 S.Ct. 2072, 2077, 109 L.Ed.2d 720 (1990)). 23 F.3d at 1154.

Horn's argues that because the tariff upon which Norwest relied "is not properly published in its name it cannot rely upon that tariff to support a claim for undercharges." [Pet.Rehear. page 12] In view of the narrow holding in *Kmart,* explicitly tied to the Commission's "void-for-nonparticipation" regulation, we see nothing in *Kmart* that induces us to change our decision in this case.

Horn's other contentions in support of its petition for rehearing do not require discussion.

No judge in active service has requested a vote on the suggestion for rehearing en banc and all of the judges on the original panel have voted to deny a rehearing.

The petition for rehearing is DENIED.